## IN THE UNITED STATES DISTRICT COURT OF ILLINOIS
## NORTHERN DISTRICT, EASTERN DIVISION

| | |
|---|---|
| JUAN ALONSO ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. |
| ) | |
| COOK COUNTY, COOK COUNTY ) | |
| SHERIFF, COOK COUNTY JAIL ) | Judge |
| DIRECTOR SALVADOR GODINEZ, ) | |
| OFFICER JEROLD SMITH, OFFICER ) | |
| MOTTLEY AND UNKNOWN COOK ) | Jury Demand |
| COUNTY OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, JUAN ALONSO by his attorney, MICHAEL WALSH, and for his Complaint states:

### Jurisdiction

1. This is a civil action seeking damages against the Defendants for committing acts under color of law that deprived the Plaintiff, JUAN ALONSO, of rights secured under the Constitution and laws of the United States, and the Constitution and laws of the State of Illinois and for refusing and/or neglecting to prevent such deprivations and denials.

### The Parties

2. At all times relevant herein, JUAN ALONSO was a resident of Cook County, Illinois.

3. At all relevant times, COOK COUNTY was a body politic and corporate, situated in the Northern District of Illinois. At all relevant times, COOK COUNTY DEPARTMENT OF CORRECTIONS, and SHERIFF OF COOK COUNTY were departments of COOK COUNTY.

4. Defendant DIRECTOR SALVADOR GODINEZ was an employee of SHERIFF, COOK COUNTY and under color of statutes, customs, ordinances and usage of the State of Illinois, and Cook County, and within the scope of their employment with the Defendant SHERIFF, COOK COUNTY. All Defendants are sued in their individual capacity.

5. Defendants, OFFICER JEROLD SMITH, OFFICER MOTTLEY and UNKNOWN COOK COUNTY OFFICERS were employees of SHERIIFF, COOK COUNTY and under of color of statutes, customs, ordinances and usage of the State of Illinois, and Cook County, and within the scope of their employment with the Defendant SHERIFF, COOK COUNTY. All Defendants are sued in their individual capacity.

6. That the Cook County Jail (CCJ) is a detention facility operated by the SHERIFF, COOK COUNTY.

7. That Cook County and Cook County Sheriff's Office are responsible for the well-being of CCJ inmates, including providing adequate care and security for inmates' health, safety and welfare.

8. That other unknown Defendants were responsible for the physical health, safety and welfare of ALONSO.

### Statement of Facts Common to All Counts

9. That on or about January 8, 2011, ALONSO was being held by the Criminal Division of Circuit Court of Cook County, Illinois, and he was remanded to the custody of the Cook County Department of Corrections.

10. That on January 8, 2011, ALONSO was assigned to Division X, Tier 3B.

11. That the Defendants' custom and practice is to complete a classification of all incoming individuals remanded to the custody of CCJ in order to place them in an appropriate location within the CCJ. That classification process continued while individuals are present in the CCJ.

12. Defendants OFFICER SMITH, OFFICER MOTTLEY and UNKNOWN COOK COUNTY OFFICERS were the CCJ officers assigned to watch and supervise the watching of the tier where ALONSO was located

13. That prior to 6:00 p.m. on January 8, 2011, ALONSO had advised Defendant UNKNOWN COOK COUNTY OFFICERS that ALONSO was in danger of being assaulted by inmates

in Tier 3B of Division X and that he requested that a supervisor or "white shirt" come to the tier and speak with ALONSO in order for ALONSO to be moved off of the tier.

14. That on a second occasion prior to 6:00 p.m. on January 8, 2011, ALONSO advised DEFENDAT SMITH, MOTTLEY and UNKNOWN COOK COUNTY OFFICERS that ALONSO was in danger of being assaulted by inmates in Tier 3B of Division X and ALONSO again requested that he be transferred to another tier and that ALONSO be allowed to speak with a supervisor about ALONSO's fear of an imminent assault by inmates.

15. That Defendant SMITH advised ALONSO that he was angry with ALONSO for an incident that had occurred earlier in the day and that ALONSO must return to the tier.

16. That Defendant returns to the general population area of the tier where he saw a group of inmates congregating including certain inmates that ALONSO was in fear of a physical assault.

17. That ALONSO again went to Defendants SMITH, MOTTLEY and UNKNOWN COOK COUNTY OFFICERS and advised them that an assault on ALONSO by other inmates on the tier was imminent.

18. That ALONSO was again advised to return to the tier.

19. That ALONSO observes the SMITH, MOTTLEY and UNKNOWN COOK COUNTY OFFICERS are about to leave their observation posts/area and ALONSO again goes to SMITH, MOTTLEY and UNKNOWN COOK COUNTY OFFICERS and asks for help or if help is on its way but they do nothing.

20. That pursuant to the Defendants' custom and practice SMITH, MOTTLEY and UNKNOWN COOK COUNTY OFFICERS leave their observation area and depart from Tier 3B leaving all inmates including ALONSO and the inmates that ALONSO believes will assault him alone without any supervision and security.

21. That pursuant to the Defendants' custom and practice, SMITH, MOTTLEY and UNKNOWN COOK COUNTY OFFICERS maintained insufficient observation and control over the tier in which ALONSO was housed.

22. That pursuant to the Defendants' custom and practice, SMITH, MOTTLEY and UNKNOWN COOK COUNTY OFFICERS failed to respond to the safety concerns of inmates and allowed ALONSO to remain in his tier without any supervision, observation or control of the tier by Defendants.

23. That pursuant to the Defendants' custom and practice, SMITH, MOTTLEY and UNKNOWN COOK COUNTY OFFICERS remained absent from the observation, supervision and control of the tier in which ALONSO was assigned.

24. That while in his tier, ALONSO could not be seen or properly protected by the persons and entities responsible for watching his tier and cell from the location they were watching. Defendants, UNKNOWN COOK COUNTY OFFICERS were those responsible for the tier and cell and the safety of ALONSO.

25. That while in his tier ALONSO could not be seen or properly protected by the persons and entities responsible for watching his tier and cell from the location they were watching because those persons were responsible for the safety of too many tiers and cells, a policy known as "cross-watching," pursuant to the custom and policy of the Defendants.

26. That after Defendants left Tier 3B, ALONSO was confronted at about 5:45 p.m. on January 8, 2012 by other inmates including the group that ALONSO had advised Defendants were intent on assaulting him.

27. That during the confrontation between ALONSO and the other inmates, ALONSO was physically assaulted by the group of inmates. During that period of time ALONSO suffered great pain, anxiety, and suffering,

28. Defendants failed to engage in consistent and effective quality assurance reviews that are needed to monitor and assess the quality of care and protection offered to ALONSO and other inmates.

29. Defendants fail to provide inmates with adequate security for their physical safety and additionally fail to address the specific needs of inmates including but not limited to: (a) failure to timely and

properly respond to inmates concerns for their physical safety; (b) inadequate assessment of safety concerns; and (c) inadequate security administration.

30. The Defendants failed to provide an adequate number of trained staff to provide adequate supervision and coverage in the security and protection areas.

31. CCJ fails to timely and appropriately evaluate and classify inmates for the safety and security of other inmates.

32. CCJ routinely fails to respond to inmates concerns for their physical safety.

33. The appropriate observation of inmates is hindered by physical limitations of the rooms in which they are placed and certain common areas because observation rooms have blind spots and windows that are too high for routine viewing, and many rooms contain numerous other risk factors, including objects that can be used as weapons.

34. CCJ provides an insufficient number of appropriately trained security and custody staff to provide adequate security services.

35. All of the Defendants, and other unknown defendants, including but not limited to agents and employees of the named Defendants, were responsible for the physical health and safety of ALONSO and wrongfully acted which also directly caused the death of ALONSO.

36. Plaintiff demands a trial by jury.

## COUNT I
### (SECTION 1983 CIVIL RIGHTS VIOLATION)

37. Plaintiff repeats and realleges paragraphs 1-36 as of fully set forth herein.

WHEREFORE, Plaintiffs demand judgment in excess of Fifty Thousand Dollars ($50,000) in compensatory damages against all of the Defendants, jointly and severally, and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000) against each of the Defendants, plus costs, attorneys' fees, and whatever additional relief this Court deems just and equitable.

## COUNT II
### (SECTION 1983 CIVIL RIGHTS VIOLATION-FOURTEENTH AMENDMENT)

38. Plaintiff repeats and realleges paragraphs 1-36 as of fully set forth herein.

WHEREFORE, Plaintiffs demand judgment in excess of Fifty Thousand Dollars ($50,000) in compensatory damages against all of the Defendants, jointly and severally, and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000) against each of the Defendants, plus costs, attorneys' fees, and whatever additional relief this Court deems just and equitable.

## COUNT III
### (NEGLIGENT SUPERVISION)

39. Plaintiff repeats and realleges paragraphs Nos. 1-36 as fully set forth herein.

WHEREFORE, Plaintiffs demand judgment in excess of Fifty Thousand Dollars ($50,000) in compensatory damages against all of the Defendants, jointly and severally, and punitive damage in an amount in excess of Fifty Thousand Dollars ($50,000) against each of the Defendants, plus costs, attorneys' fees, and whatever additional relief this Court deems just and equitable.

## COUNT IV
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

40. Plaintiff repeats and realleges paragraphs Nos. 1-36 as fully set forth herein.

WHEREFORE, Plaintiffs demand judgment in excess of Fifty Thousand Dollars ($50,000) in compensatory damages against all of the Defendants, jointly and severally, and punitive damage in an amount in excess of Fifty Thousand Dollars ($50,000) against each of the Defendants, plus costs, attorneys' fees, and whatever additional relief this Court deems just and equitable.

## COUNT V
### (INTENTIONAL INDIFFERENCE)

41. Plaintiff repeats and realleges paragraphs Nos. 1-36 as fully set forth herein.

WHEREFORE, Plaintiff demands judgment in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages against all of the Defendants, jointly and severally, and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) against each of

the Defendants plus court costs and attorneys fees and whatever relief the Court deems fit and equitable.

## COUNT VI
## (MONELL CLAIM)

42. Plaintiff repeats and realleges paragraphs Nos. 1-36 as fully set forth herein.

43. It is Custom Policy and Practice failing to properly classify inmates because classification tool is below accepted correction standards.

44. Custom Policy and Practice of not properly staffing the DOC and allowing correctional officers the responsibility to oversee inmates simultaneously in two living units which is physically impossible.

45. Custom, Policy and Practice of allowing and having one correctional officer watching two (2) inmate living units commonly referred to as "cross-watching" which is physically impossible.

WHEREFORE, Plaintiffs demand judgment in excess of Fifty Thousand Dollars ($50,000) in compensatory damages against all of the Defendants, jointly and severally, and punitive damage in an amount in excess of Fifty Thousand Dollars ($50,000) against each of the Defendants, plus costs, attorneys' fees, and whatever additional relief this Court deems just and equitable.

## COUNT VII
## (IMPROPER STAFFING)

46. Plaintiff restate and realleges paragraphs Nos. 1-45 as if fully stated herein.

WHEREFORE, Plaintiff demands judgment in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages against all of the Defendants, jointly and severally, and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) against each of the Defendants plus court costs and attorneys fees and whatever relief the Court deems fit and equitable.

## COUNT VIII
### (IMPROPER CLASSIFICATION)

47. Plaintiff restateS and realleges paragraphs Nos. 1-45 as if fully stated herein.

WHEREFORE, Plaintiff demands judgment in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages against all of the Defendants, jointly and severally, and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) against each of the Defendants plus court costs and attorneys fees and whatever relief the Court deems fit and equitable.

/S/   MICHAEL D. WALSH
431 S. Dearborn-Suite 304
Chicago, IL 60605
312-986-1221
Walshlawoffice@comcast.net