UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ALONSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 12 C 55 |
| v. | ) |
| | ) Judge George M. Marovich |
| COOK COUNTY, TOM DART, | ) |
| SALVADOR GODINEZ, JEROLD SMITH, | ) |
| OFFICER MOTTLEY and UNKNOWN | ) |
| COOK COUNTY OFFICERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Juan Alonso[1], who, while a detainee at the Cook County Jail, suffered a brutal beating at the hands of other detainees, filed suit against defendants Cook County, Cook County Sheriff Tom Dart, Cook County Jail Director Salvador Godinez, Officer Jerold Smith, Officer Mottley and unknown Cook County officers. Alonso alleges that before he was beaten, he told Smith and Mottley that he was in danger of being beaten by other detainees. In Count I, Alonso seeks relief under § 1983 against defendants Smith and Mottley for their alleged failure to protect him from the other detainees. In Count II, he asserts a *Monell* claim. Alonso also asserts four state-law claims arising out of the alleged failure to protect him. Defendants move for summary judgment, arguing that Alonso failed to exhaust his administrative remedies. For the reasons set forth below, the Court grants the motion.

---

[1] Plaintiff's legal name is Hommy Hernandez, but he uses "Juan Alonzo" (among others) as an alias. Although it is not clear why, he is referred to as "Juan Alonso" in the pleadings, so that is how the Court will refer to him.

I.      **Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. The Court does not consider conclusions of law that are included in a statement of undisputed facts.

The following facts are undisputed, unless otherwise noted.

Plaintiff Alonso had been residing at the Cook County Jail for several years when, on January 8, 2011, he was attacked by other detainees. During the beating, Alonso suffered stab wounds, a broken nose, loosened teeth and damage to his knee. The beating also caused problems with Alonso's vision and hearing.

On January 20, 2011, Alonso was interviewed about the attack by Jessie McGuire (an Assistant State's Attorney) and James McCaffrey (a Cook County Sheriff's Investigator). Alonso told them that before the beating, he had warned Officers Smith and Mottley that he feared for his safety. The Office of Professional Review, which investigates all allegations of criminal wrongdoing or administrative misconduct at the Cook County Jail, conducted an investigation of Alonso's allegations.

Separately, the Cook County Jail maintains a grievance procedure for detainees who have complaints about their treatment at the jail. Among other things, the grievance policy states that a "detainee wishing to file a grievance shall fill out the Inmate Grievance Form," or, "[i]f forms are not available," then "blank writing paper is acceptable." (Cook County Department of Correction General Order 14.5 at p. 2). The grievance policy also states that grievances are to "be placed in the designated locked box located on each living unit within fifteen (15) days after the alleged grievable event has occurred." (Cook County Department of Corrections General Order 14.5 at p. 2).

During his stay at the Cook County Jail, Alonso filed at least twelve grievances, twelve of which were included by defendants in the summary judgment record. Alonso believes he filed additional grievances but could not, at his deposition, state what, if any, additional grievances he had filed. Among his grievances, Alonso filed a grievance on June 20, 2008 to complain about errors in his commissary account. On May 21, 2010, Alonso filed a grievance about misdirected mail.

After Alonso suffered the January 8, 2011 beating, he filed a number of grievances in which he referred to the beating. For example, on January 28, 2011, he filed a grievance alleging that he had not received a proper liquid diet. Also on January 28, 2011, Alonso filed a grievance stating that he was not receiving adequate dental care. On February 8, 2011, Alonso filed a grievance in which he complained that some of his property had gone missing while he was hospitalized. On February 9, 2011, Alonso filed another grievance about his liquid diet. On March 2, 2011, Alonso filed a grievance in which he complained that he was suffering ear pain, headaches and back pain. On June 8, 2011, Alonso filed a grievance in which he alleged that he had not received adequate physical therapy for his knee and back problems. On August 23, 2011, Alonso filed a grievance in which he sought additional dental treatment. On September 8,

2011, he filed a grievance to complain that he had not yet received his hearing aide and a grievance requesting physical therapy. On September 9, 2011, he filed a grievance in which he requested an MRI and physical therapy. In none of these grievances did Alonso allege that any defendant engaged in any wrongdoing with respect to the January 8, 2011 beating.

## II.     Summary Judgment Standard

Summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.    Discussion

Defendants argue that they are entitled to summary judgment on plaintiff's § 1983 claims, because plaintiff has failed to exhaust his administrative remedies. Prisoners must exhaust administrative remedies before filing a prison conditions suit under § 1983. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); 42 U.S.C. § 1997e(a). To do so, a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust is an affirmative defense, which means defendants have the burden of proof. *Obriecht v. Raimisch*, 517 F.3d 489, 492 (7th Cir. 2007). In the absence of a genuine dispute over a material fact, exhaustion may be determined on summary judgment. If, however, a genuine dispute of fact exists as to the

exhaustion issue, the Court must hold a hearing. *Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008).

Defendants have put forth evidence that Alonso failed to exhaust his administrative remedies. In Count I of his first amended complaint, Alonso alleges that Officers Smith and Mottley failed to protect him from the other detainees when Alonso warned the officers that his safety was at risk. In Count II, Alonso asserts a *Monell* claim with respect to the County's failure to protect inmates. Alonso was quite familiar with the grievance procedure and had no apparent trouble filling out grievance forms. Although he filled out many grievances in which he referred to the January 8, 2011 beating, in none of those grievances did he allege that any defendant did anything wrong with respect to the January 8, 2011 beating. In those grievances, Alonso never mentioned Mottley or Smith, and he never suggested that he had warned any officer that he might be in danger. Instead, all of his grievance allegations were about treatment he wanted for the injuries he sustained during the beating.

Plaintiff has put forth evidence that he filed additional grievances, but that does not create an issue of fact as to whether he exhausted his administrative remedies with respect to this lawsuit. Alonso put forth no evidence as to the *content* of the additional grievances he claims to have filed. In order to create an issue of fact as to whether he exhausted his administrative remedies with respect to his § 1983 claims in this case, Alonso needed to put forth evidence that in one of those additional grievances, he had complained about officers failing to protect him before the beating. Had he put forth such evidence, the Court would have held a *Pavey* hearing to resolve the dispute. Because he did not, there is no genuine dispute of fact to resolve.

Alonso also argues that he exhausted his administrative remedies by telling the Assistant State's Attorney and the Sheriff's Investigator that he had told Officer Mottley and Smith that he feared for his safety. Alonso points out that his statement to the investigators triggered an investigation by the Office of Professional Review ("OPR"), and he argues that his participation in an OPR investigation constitutes exhaustion of his administrative remedies. The Seventh Circuit, however, has already rejected the argument that participation in an internal-affairs investigation, rather than using the grievance procedure, suffices to exhaust administrative remedies for a §1983 claim. *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011) ("*Pavey II*").

Defendants' motion for summary judgment as to Counts I and II is granted, and those claims are dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (all exhaustion dismissals under § 1997e(a) should be without prejudice).

Because it has disposed of all of the claims over which it has original jurisdiction, the Court also dismisses the remaining state-court claims without prejudice.

## IV. Conclusion

For the reasons set forth above, the Court grants the motion for summary judgment. Case dismissed without prejudice.

ENTER:

*/s/ George M. Marovich*
_____
George M. Marovich
United States District Judge

DATED: July 23, 2013